U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 27 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| **LONNIE TERREL CARR, SR.** | **CIVIL ACTION NO. 06-1106-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Lonnie Terrel Carr, Sr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on June 28, 2006. Plaintiff alleges his civil rights were violated by prison officials at the Caddo Correctional Center in Shreveport, Louisiana. He names Steve Prator, the Caddo Correctional Center, Lt. Neil and Sgt. Piggs as defendants.

Plaintiff claims he filed a grievance in the administrative remedy procedure because he was denied participation in a work-release program. He claims prison officials rejected his grievance as a non-grievable issue. He claims this rejection is a violation of his constitutional and federal rights.

Accordingly, he seeks damages.

## LAW AND ANALYSIS

Plaintiff complains his grievance was rejected in violation of his constitutional and federal rights. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See Oladipupo v. Austin, et al., 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); Brown v. Dodson, et al., 863 F. Supp. 284 (United States District Court, Western District of Virginia 6/2/94); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under § 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. Flick, supra. Thus, insofar as Plaintiff alleges that the defendants failed to comply with the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before

or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26 day of September 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE